IN THE DISTRICT COURT OF THE SEVENTEENTH JUDICIAL DISTRICT
HUGO, CHOCTAW COUNTY, OKLAHOMA

| | |
|---|---|
| BRENDA TOMLINSON,<br>    Plaintiff<br><br>vs.<br><br>UNUM LIFE INSURANCE<br>COMPANY OF AMERICA, a<br>Subsidiary of the UNUM GROUP,<br>a Corporation Authorized to do<br>Business in the State of<br>Oklahoma,<br>    Defendant | # CJ-16-33<br><br>FILED<br>IN DISTRICT COURT<br>CHOCTAW COUNTY OK<br>JUL 21 2016<br>Laura Sumner, Court Clerk<br>By _____<br>Deputy |

**PETITION**

COMES NOW, Brenda Tomlinson, Plaintiff herein, and for her causes of action against Unum Life Insurance Company of America, a subsidiary of the Unum Group, a corporation authorized to do business in the State of Oklahoma, Defendant herein, alleges and states as follows, to-wit:

1. This lawsuit involved a written contract (hereinafter referred to as Insurance Policy) which was entered into between Plaintiff and Defendant in Choctaw County, Oklahoma, in August, 2012.

2. Plaintiff has, at all times pertinent to this case, been a resident of Pushmataha County, Oklahoma. During the 2012-2013 school year, Plaintiff was employed by the Hugo Independent School District (hereinafter referred to as School District), located in Choctaw County, Oklahoma.

3. Defendant is a foreign corporation authorized, at all times pertinent to this action, to sell life insurance in the State of Oklahoma. The Oklahoma Department of Insurance lists Defendant's corporate address as being in the State of Maine; the Oklahoma Secretary of State lists Defendant's state of incorporation as being Delaware.

4. As part of her employment compensation package with the School District for the 2012-2013 school year, Plaintiff was offered the opportunity to buy a long-term disability insurance policy from Defendant. Plaintiff accepted said offer.

5. In August, 2012, the parties entered into a contract, the terms of which were memorialized in the written Insurance Policy. The consideration put forth by Plaintiff was the payment of monthly premiums which were deducted from her paychecks. In return, Defendant promised that, should Plaintiff undergo or suffer from long-term disability which

would cause her to become unemployed with the School District, Defendant would compensate Plaintiff per the terms of said Insurance Policy.

6. During the Fall, 2012 school semester, Plaintiff was diagnosed by a physician as suffering from severe anxiety disorder and depression. This resulted in Plaintiff's being unable to fulfill the duties required by her employment with the School District. Accordingly, Plaintiff was put on leave from her job. When she was ultimately unable to return to her duties, she was terminated by the School District.

7. During the first part of her leave, Plaintiff received compensation as part of the School District's sick leave policy and then under the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, et.seq.). When these were exhausted, Plaintiff made application to Defendant per the terms of the Insurance Policy to be compensated.

## FIRST CAUSE OF ACTION

More specifically, Plaintiff, as her First Cause of Action against Defendant herein, hereby incorporates all those matters previously alleged and further states and alleges as follows, to-wit:

8. All conditions precedent under the Insurance Policy have been performed and demand was duly made upon Defendant for performance under the contract.

9. On or about December 21, 2012, Defendant refused to pay the benefits owed under the policy and is therefore in breach of contract.

10. Defendant owes and is indebted to Plaintiff the benefits due under said Insurance Policy, in an amount to be determined, but less than $75,000.00. (Plaintiff cannot state the exact amount because she was never provided an actual copy of the Insurance Policy.) Further, Plaintiff is entitled to damages for said breach of contract.

## SECOND CAUSE OF ACTION

More specifically, Plaintiff, as her Second Cause of Action against Defendant herein, hereby incorporates all those matters previously alleged and further states and alleges as follows, to-wit:

11. In its handling of Plaintiff's claim for long-term disability benefits, Defendent had a duty to deal fairly and to act in good faith towards Plaintiff.

12. Defendant has breached this duty in the following particulars:

    A. Defendant was required under the Insurance Policy to pay Plaintiff's claim;

B.  Defendant's refusal to pay Plaintiff's claim was unreasonable under the circumstances because Defendant did not perform a proper investigation;

C.  Defendant's refusal to pay Plaintiff's claim was unreasonable under the circumstances because Defendant did not properly evaluate the results of the information it had received as part of said claim;

D.  Defendant's refusal to pay Plaintiff's claim was unreasonable under the circumstances because Defendant had no reasonable basis for refusing to pay Plaintiff's claim;

E.  Defendant did not deal fairly and in good faith with Plaintiff;

F.  Defendant's violation of its duty of good faith and fair dealing with Plaintiff was the proximate cause of damages sustained by Plaintiff.

13. As a result of this violation of Defendant's duty of good faith and fair dealing with Plaintiff, Plaintiff has suffered consequential damages, said damages including, but not being limited to: financial losses, embarrassment and loss of reputation, and mental pain and suffering.

14. Plaintiff's damages because of Defendant's breach of its duty of good faith and fair dealing are in excess of $ 75,000.00.

## THIRD CAUSE OF ACTION

More specifically, Plaintiff, as her Third Cause of Action against Defendant herein, hereby incorporates all those matters previously alleged and further states and alleges as follows, to-wit:

15. Defendant's actions towards Plaintiff were wilfully and intentionally wrong.

16. Defendant has treated Plaintiff with gross negligence and reckless disregard of Plaintiff's rights under the Insurance Policy in such a manner that malice may be inferred.

17. Accordingly, Plaintiff is entitled to exemplary punitive damages in an amount in excess of $ 75,000.00.

## PRAYER FOR RELIEF

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiff Brenda Tomlinson, prays for the following, to-wit:

1. Judgment against the named Defendant for Plaintiff's actual damages and for any and all other damages allowed by law, including exemplary punitive damages, the total amount of damages being in excess of $ 75,000.00;

2. Judgment against the named Defendant for statutory pre- and post-judgment interest;

3. Judgment against the named Defendant for all costs of this action and attorney's fees;

4. For any such further relief to which Plaintiff is entitled which is deemed just and equitable;

5. That she be granted a jury trial on the merits of this matter.

ATTORNEY'S LIEN CLAIMED

*Maria Tasi Blakely*
MARIA TASI BLAKELY, OBA #5649
Attorney for Plaintiff

307 SW B, Antlers, Oklahoma 74523
PHONE/FAX: (580) 298-9915
privateblakelylaw@earthlink.net